IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY BERETSKI<br>149 Red Cedar Drive<br>Levittown, PA 19055<br><br>        Plaintiff,<br><br>v.<br><br>REMINGTON LODGING &<br>HOSPITALITY, LLC<br>d/b/a Sheraton Bucks County<br>14185 Dallas Parkway, Suite 1150<br>Dallas, Texas 75254<br>        and<br>ASHFORD TRS SAPPHIRE V LLC<br>d/b/a Bucks County Sheraton<br>14185 Dallas Parkway, Suite 1150<br>Dallas, Texas 75254<br><br>        Defendants. | CIVIL ACTION<br><br>No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Larry Beretski (hereinafter referred to as "Plaintiff," unless indicated otherwise) against Remington Lodging & Hospitality, LLC and Ashford TRS Sapphire V LLC (hereinafter collectively referred to as "Defendants" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. §§ 951 *et. seq.*). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Remington Lodging & Hospitality, LLC is a business entity that operates a hotel under the name "Sheraton Bucks County" at 400 Oxford Valley Road, Langhorne, PA.

8. Defendant Ashford TRS Sapphire V LLC is a business entity that operates a hotel under the name "Bucks County Sheraton" at 400 Oxford Valley Road, Langhorne, PA.

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

11. Defendants have and continues to employ over 20 employees per calendar year for at least the last 5 years, and Defendants engage in a variety of business relationships generating revenue by producing and distributing machine components.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired by Defendants on or about April 6, 2013 as a banquet manager at Defendants' Bucks County Sheraton hotel.

14. Upon Plaintiff's hire, Plaintiff underwent a 120-day probationary and training period.

15. At the conclusion of Plaintiff's 120-day training period, Defendants' management met with Plaintiff to discuss Plaintiff's performance at which time Plaintiff received significant praise from Defendants' management.

3

16. In or about August of 2013, Plaintiff suffered an injury to his back.

17. Despite Plaintiff's back injury, he continued to work over the next several days, during which his back condition progressively worsened.

18. After working for several days with his back injury, Plaintiff sought medical treatment for said injury.

19. In or about late August of 2013, Plaintiff had emergency surgery due to several medical conditions including but not limited to herniated discs and pinched nerve.

20. Plaintiff was unable to work for approximately three (3) weeks following said surgery (a reasonable accommodation).

21. Although Plaintiff's back surgery was a success, Plaintiff had suffered permanent nerve damage.

22. Plaintiff continues to suffer from various health conditions that amount to disabilities under the state and federal laws as a result of his back injury.

23. To this day, Plaintiff has reduced feeling throughout his leg and his foot and toes are perpetually numb.

24. Plaintiff also permanently walks with a limp as a result of the aforementioned nerve damage.

25. Plaintiff's aforementioned health conditions have and continue to severely limit his enjoyment of many life activities, including but not limited to - at times - working, performing manual tasks, running, bending, lifting, and other activities.[1]

---

[1] These impacts identified upon Plaintiff are only intended to be examples, not an exhaustive list.

26. During Plaintiff's absence due to his surgery, Plaintiff experienced hostility from members of Defendants' management who were hostile towards his need for leave and told him that his job could only be held for so long.

27. Upon Plaintiff's return to work in or about September of 2013, other employees told Plaintiff that management was upset about his absence and that he should be careful upon his return to work.

28. Plaintiff also wore a brace upon his return to work due to his medical conditions.

29. Soon after Plaintiff's aforementioned return to work, Plaintiff indicated to Defendants' management that he needed certain accommodations, such as assistance in moving large objects in the dining room (a request for reasonable accommodation) but Plaintiff's requests were not fulfilled.

30. On or about October 8, Defendants' management placed Plaintiff on a 30-day disciplinary probation which criticized Plaintiff's accounting errors, leadership, & sense of urgency.

31. Plaintiff had made some accounting errors prior to his injury and during his probationary period, but had still received significant praise for his performance.

32. Following Plaintiff's injury, Plaintiff was told that accounting errors would no longer be tolerated.

33. Following Plaintiff's disciplinary probation, Plaintiff was required to meet with Defendants' human resources department weekly to discuss his performance issues, although there was usually very little or nothing to discuss.

34. On or about December 6, 2013, Defendants terminated Plaintiff's employment.

35. Defendants assert that Plaintiff was terminated due to a customer complaint involving an incident where Plaintiff told a customer that she needed to leave a restricted area.

36. Within Defendants, it is common practice to tell customers to leave restricted areas and Plaintiff had done it several times in the past without discipline.

37. Plaintiff received significant praise regarding his performance prior to his injuries and accommodations, but following his health issues he was subsequently disciplined, put on probation, and terminated.

38. Plaintiff believes and therefore avers that he was terminated due to his health conditions and/or his requests for and utilization of medical accommodations.

## COUNT I
### Violations of the Americans with Disabilities Act ("ADA", as amended)
### ([1] Discrimination; [2] Failure to Accommodate; [3] Retaliation)

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff properly exhausted his administrative remedies before proceeding in this Court for violations of the ADA by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

41. Plaintiff was terminated by Defendants because of: (1) his known health conditions; (2) his perceived health conditions; and/or (3) due to his record of impairment.

42. Plaintiff was also terminated in retaliation for requesting and/or utilizing medical accommodations from Defendants.

43. Plaintiff requested medical accommodations including but not limited to time off from work and lifting assistance and was either denied the accommodations or was treated differently after using such accommodations.

44. The actions as aforesaid in this Complaint constitute unlawful discrimination, retaliation, and failure to accommodate under the ADA, as amended.

## COUNT II
### Violations of the Pennsylvania Human Relations Act ("PHRA")
([1] Discrimination; [2] Failure to Accommodate; [3] Retaliation)

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff properly exhausted his administrative remedies before proceeding in this Court for violations of the PHRA by timely filing a Charge with the Pennsylvania Human Relations Commission ("PHRC") and over one year has passed from the filing of that charge.

47. These actions as aforesaid constitute unlawful discrimination, retaliation, and failure to accommodate under the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.  Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.  Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 16, 2015

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| LARRY DERETSKI | CIVIL ACTION |
| v. | |
| REMINGTON LODGING & HOSPITALITY, LLC, et al. : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 2/16/2015 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 149 Red Cedar Drive, Levittown, PA 19055

Address of Defendant: 14185 Dallas Parkway, Suite 1150, Dallas, TX 75254

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes☐  No☒

Does this case involve multidistrict litigation possibilities?       Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A. Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

**B. Diversity Jurisdiction Cases:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/16/2015 _____      _____      ARK2484
                          Attorney-at-Law                 Attorney I.D.# 91538

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/16/2015 _____      _____      ARK2484
                          Attorney-at-Law                 Attorney I.D.# 91538

CIV. 609 (5/2012)

*JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BERETSKI, LARRY

(b) County of Residence of First Listed Plaintiff: **Bucks**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
REMINGTON LODGING & HOSPITALITY, LLC d/b/a SHERATON BUCKS COUNTY, et al.

County of Residence of First Listed Defendant: **Dallas**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans with Disabilities Act "ADA" (42USC12101)

Brief description of cause:
Violations of the ADA and the Pennsylvania Human Relations Act "PHRA".

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE

DOCKET NUMBER

Explanation:

DATE: 2/16/2015

SIGNATURE OF ATTORNEY OF RECORD

[ Print ] [ Save As... ] [ Export as PDF ] [ Retrieve PDF File ] [ Reset ]